UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TREVONTE JENKINS,                    )        Case No.: 1:20 CV 1211
                                     )
        Petitioner                   )
                                     )
        v.                           )        JUDGE SOLOMON OLIVER, JR.
                                     )
WARDEN KIMBERLY CLIPPER,             )
                                     )
        Respondent                   )        <u>ORDER</u>

Currently pending before the court in the above-captioned case is Petitioner Trevonte

Jenkins's ("Jenkins" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No.

1), pursuant to 28 U.S.C. § 2254. Under Local Rule 72.2, the court referred the matter to

Magistrate Judge Jonathan D. Greenberg ("Judge Greenberg"). The case was later reassigned

by General Order to Magistrate Judge Carmen E. Henderson ("Magistrate Judge" or "Judge

Henderson") to prepare a Report and Recommendation ("R & R"). For the following reasons,

the court adopts Judge Henderson's R & R (ECF No. 8) and denies Jenkins's Petition in its

entirety. The court also declines to issue Jenkins a Certificate of Appealability.

## I.  <u>BACKGROUND</u>

Jenkins filed his Petition (ECF No. 1) on June 2, 2020, challenging his conviction and

sentence in state court for attempted murder, improperly handling firearms in a motor vehicle,

and having weapons under a disability and other charges.  (R & R at PageID #1723, ECF No.

8.) On January 29, 2016, Jenkins was indicted for the following eleven charges: (1) two counts

of attempted murder; (2) two counts of felonious assault; (3) two counts of discharging a firearm on or near prohibited premises; (4) two counts of improperly handling firearms in a motor vehicle; (5) one count of having weapons under disability; (6) one count of criminal damaging; and (7) one count of domestic violence. (*Id.* at PageID #1730-31.) At his arraignment, Jenkins pled not guilty to all charges and the case moved forward to a jury trial beginning on April 25, 2017. (*Id.* at PageID #1731.) About two weeks before trial commenced, Jenkins filed a Motion in Limine to preclude one of the state's witnesses, John Eanes ("Eanes"), from providing an in-court identification of him as the perpetrator of the above charges. (*Id.*) In his motion, Jenkins argued "admission of such unduly suggestive and unreliable evidence" would violate his due process rights because Eanes had never made an out-of-court identification of Petitioner. (Ex. 3 to State Court Record at PageID #76, ECF No. 6-1.) The trial court held a hearing to further adjudicate arguments on the motion and conducted an in-camera identification hearing before ultimately overruling Jenkins's motion and allowing Eanes to testify. (R & R at PageID #1731, ECF No. 8.) Jenkins later reasserted his objection to the in-court identification at trial. (*Id.*) On May 2, 2017, a jury found Jenkins guilty of all eleven counts in the Indictment, and the trial judge sentenced him to nineteen years of incarceration. (*Id.*)      The Petition asserts one ground for relief: "Due Process is violated when first-time, in-court identification is utilized as it is inherently suggestive and inherently unreliable." (Petition at PageID #6, ECF No. 1.) Respondent Warden Kimberly Clipper ("Respondent" or "Warden Clipper") filed a Return of Writ on July 20, 2020. (ECF No. 6.) In it, Respondent argues the court should not question the reliability, and thus the admissibility, of Eanes's identification because "Jenkins has not met his burden of showing

an impermissibly suggestive pre-trial procedure created by police misconduct" informed Eanes's identification. (Return of Writ at PageID #50, ECF No. 6.) On August 13, 2020, Jenkins filed his Traverse (ECF No. 7) and challenged Respondent's characterization of events, arguing that the in-court identification in this case was preceded by a suggestive pretrial identification procedure. (Traverse at PageID #1718-19, ECF No. 7) ("The witness was not asked to make a pre-trial identification of Petitioner, rather, the government made it for him when they told him they had the person who committed these offenses. To suggest that procedure was not marred by misconduct is unconscionable.)

This case was then reassigned from Judge Greenberg to Judge Henderson, and Judge Henderson subsequently submitted her R & R on April 21, 2023. (ECF No. 8.) Having found that Petitioner's sole ground for relief is without merit, Judge Henderson recommends the court deny Jenkins's Petition in its entirety and not grant him a Certificate of Appealability. (R & R at PageID #1723, ECF No. 8.) In particular, Judge Henderson found that because the Supreme Court has not clearly established a right to exclude in-court identifications in the absence of a prior improper identification procedure, Petitioner's claim for habeas relief must fail. (*Id.* at PageID #1738.) The court granted Petitioner an extension of time to file his objections to the Magistrate Judge's R & R, and Jenkins subsequently filed his Objection to the R & R on June 5, 2023 (ECF No. 10.) This case is now ripe for review.

As mentioned above, Petitioner first argued in his Petition (ECF No. 1) that his sole ground for relief was a "due process violation for the *impermissibly suggestive in-court identification*" in his case. (Att. 1 to Petition at PageID #19, ECF No. 1-1) (emphasis added.) He initially argued that the Supreme Court's test for determining when to exclude eyewitness

identifications applies to "first-time in-court identification when an eyewitness has never before positively identified the defendant in person" because first-time in-court identifications are "inherently suggestive." (*Id.*); (Petition at PageID #6, ECF No. 1.) However, in his Objection, as well as in his Traverse, Jenkins mounts a secondary and somewhat contradictory argument. Jenkins now argues he was denied due process because the police utilized an improper pretrial identification procedure, and the trial court permitted the eyewitness's testimony despite this fact. (Objection at PageID #1749, ECF No. 10) ("The in-court identification in this case was *preceded by an improper identification* made by the police") (emphasis added.) In both his Traverse and his pending Objection, Jenkins characterizes the following as an impermissibly suggestive and improper pretrial identification procedure:

> "In this case, the identifying witness only went in to provide an interview to the police after the government told him that 'they had the guy...' The government acted inappropriately in notifying witness Eanes that they had the person who committed the offenses. The witness was not asked to make a pre-trial identification of Petitioner, rather, the government made it for him when they told him they had the person who committed the offenses." (Traverse at PageID #1718-19, ECF No. 7.)

> "Mr. Eanes did not provide an interview with police until *after* Petitioner's arrest. It was at that time that Mr. Eanes was told that the police had the shooter. Naturally when Mr. Eanes was called to the stand to testify at trial – he identified Petitioner, the only person in the court room standing accused of the offense – as the shooter. For all intents and  purposes, the police made Mr. Eanes' identification for him. When a witness is told, in advance of  trial, and before providing a statement, that the police have the perpetrator of the crime, it is hard to fathom that any subsequent identification of that same person is untainted." (Objection at PageID #1749, ECF No. 10) (emphasis in original.)

In his Petition, Jenkins alleges a due process violation because there was *no* pretrial identification—an argument the Magistrate Judge considered and relied on. (R&R at PageID

-4-

#1738, ECF No. 8) ("Jenkins acknowledges there was no pre-trial identification by Eanes.) However, in this second instance, Jenkins argues there *was* a pretrial identification, which he alleges was impermissibly suggestive and tainted by police misconduct. Petitioner cannot have it both ways, and it is impossible to argue the latter without conceding the former—either there was a pretrial identification or there was not. Despite this inconsistency, neither of Petitioner's arguments is well-taken.

## II.  STANDARD OF REVIEW

As the Magistrate Judge pointed out, Jenkins's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (R & R at PageID #1736, ECF No. 8.) Under the AEDPA statute, a petition for a writ of habeas corpus cannot be granted to a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

For purposes of § 2254(d)(1), "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court.'" *Parker v. Matthews,* 567 U.S. 37, 48-49 (2012) (per curiam) ("It is plain and repetitive error for the Sixth Circuit to rely on its own precedents in granting...habeas relief.") That statutory phrase instead refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000) ("[A]s the statutory language makes clear, ... § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.")

-5-

Moreover, habeas courts review the last state-court decision that addressed the merits of a petitioner's claim. *See Greene v. Fisher,* 565 U.S. 34, 38-40 (2011). The appropriate measure of whether a state court's decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams v. Taylor,* 529 U.S. 362, 409-11 (2000). *See also Greene,* 565 U.S. at 38 ("We have said that [AEDPA's] standard of "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law" is "difficult to meet," because the purpose of AEDPA is to ensure that federal habeas relief functions as a ""guard against extreme malfunctions in the state criminal justice systems,"" and not as a means of error correction.") "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter,* 562 U.S. 86, 102 (2011).

### III.  DISCUSSION

*A.  Jenkins's Primary Argument*

In *Neil v. Biggers,* the seminal Supreme Court case addressing the admissibility of eyewitness identification—and the principal case on which Jenkins hinges his Petition—the Court addressed whether the due process rights of a defendant are violated when a witness's in-court identification of the accused is preceded by an impermissibly suggestive pretrial identification. *Neil v. Biggers,* 409 U.S. 188, 190 (1972) ("We granted certiorari to decide whether… the [pretrial] identification procedure violated due process.") There, the witness viewed multiple suspects via police lineups, show-ups, and photo arrays over the course of seven months before she identified the eventual defendant as her assailant. *Id.* at 194-95. The

defendant later challenged the admissibility of the witness's identification, arguing that the pretrial identification procedure was impermissibly suggestive.

The Middle District of Tennessee and the Sixth Circuit both sided with the petitioner in that case, holding that the pretrial procedure was so impermissibly suggestive that it deprived the petitioner of due process. *Id.* at 190. Although the Supreme Court was "inclined to agree" that the police's conduct in *Biggers* was impermissibly suggestive, the Court nevertheless concluded the evidence derived from the tainted procedure must not be excluded automatically. *Id.* at 198-99. Instead, the Court established a way for courts to determine whether the suggestive procedure might be cured.  If a defendant proves that the state's identification procedure was impermissibly suggestive, a trial court must determine whether the witness's testimony is nonetheless reliable, and therefore admissible, under a "totality of the circumstances" inquiry. *Id.* at 199; *United States v. Hill,* 967 F.2d 226, 230 (6th Cir. 1992.) The Court then listed five factors courts must consider when assessing the reliability of a witness's identification: "(1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's prior description of the defendant; (4) the witness's level of certainty when identifying the suspect at the confrontation; and (5) the length of time that has elapsed between the crime and the confrontation." *Biggers,* 409 U.S. at 199-200.

In his Petition (ECF No. 1), Jenkins argues that "the *Biggers* analysis applies to first-time in-court identification when an eyewitness has never before positively identified the defendant in person." (Petition at PageID #19, ECF No. 1-1.) However, Petitioner offers no Supreme Court case to support this assertion. Instead, Petitioner cites to an unpublished

district court decision and a Sixth Circuit case. (*Id.*) As the Magistrate Judge noted, while the Sixth Circuit has held that the *Biggers* analysis applies to identifications made for the first time in court, the Supreme Court has made no such holding. (R&R at PageID #1739, ECF No. 8); *see also United States v. Hill,* 967 F.2d 226, 232 (6th Cir. 1992) ("We hold that the *Biggers* analysis applies to...in-court identifications for the same reasons that the analysis applies to impermissible suggestive pretrial identifications.") Because the Supreme Court has not clearly established a right to pretrial identifications before a witness's can identify a defendant at trial, nor has the Supreme Court held that *Biggers* applies to first-time in-court identifications, the Magistrate Judge properly concluded that Petitoner's sole ground for relief is without merit.

## B.  Jenkins's Secondary Argument

To the extent that Jenkins argues that there was an impermissibly suggestive pretrial identification procedure utilized by the police in this case—which, once again, would undercut the sole ground for relief mounted in his Petition—that argument is also unavailing. Per the Supreme Court's rule in *Biggers,* a defendant bears the burden of establishing that the state's identification procedures were impermissibly suggestive. *Hill,* 967 F.2d at 230 (citing *Biggers,* 409 U.S. at 199-200). Once the defendant establishes this, it would not mean a per se exclusion of the identifying witness's testimony. Rather, a trial court would then need to determine whether the witness's identification is nonetheless reliable in spite of the marred pretrial identification procedure. *Biggers,* 409 U.S. at 199. Petitioner argues that the *Biggers* factors weigh in favor of excluding Eanes's testimony. (Objection at PageID #1750, ECF No. 10.) However, under habeas review, a federal court can only overturn a state court's conviction if the state court's decision is "objectively unreasonable," not simply because the

-8-

defendant believes the state court should have reached a different result.

Here, the state court had a reasonable basis to conclude that Eanes's testimony was reliable and thus admissible. Applying the Supreme Court's "totality of the circumstances" analysis outlined in *Biggers,* the Ohio Court of Appeals found Eanes had a "reliable and independent basis for identifying Jenkins as the shooter." (Ex. 1, ECF No. 6 at PageID #193-94.) Upon reviewing the state court's decision, this court finds that the Court of Appeals's decision was not objectively unreasonable. The witness in this case was "only a few feet away" from Jenkins when Jenkins assaulted his then girlfriend. (*Id.*) He also saw Jenkins drive away in a white car after the fight with his girlfriend, then return to pick up his girlfriend in the same white car Jenkins drove off in earlier that night. (*Id.* at PageID 184, 194.) Eanes was patrolling the area while working security on the night of the crime, which would indicate that he likely had a reasonably high degree of attention on the night of the crime. (*Id.* at PageID #194.) Eanes testified that he "got a good look at Jenkins" multiple times throughout the night in question, including when Jenkins fired a gun from his car at bystanders that night. (*Id.*) Eanes also testified that the area of the crime scene was "well lit" and that he would "never forget" the shooter's face, underscoring his degree of certainty in identifying the Defendant. (*Id.*) Petitioner argues in his Objection that Eanes's identification is unreliable because six months lapsed between the night of the crime and Eanes's subsequent identification at trial. (Objection at PageID #1750, ECF No. 10.) However, courts have tolerated much longer delays than this, including in *Biggers* where the witness identified the defendant seven months after the crime. *Biggers,* 409 U.S. at 194-95. *See also Hill,* 967 U.S. 232 (holding that a witness's testimony was reliable despite the five-year lapse in time between the crime and subsequent

identification); *United States v. Peterson,* 411 F.App'x 857, 865 (6th Cir. 2011) (noting that a twenty-month delay between the crime and the witness's identification was not "dispositive.") Based on the foregoing, the Court of Appeals's conclusion was not unreasonable, and the court therefore declines to issue Petitioner a writ of habeas corpus on this basis. Petitioner has not shown that the Court of Appeals's decision involved an unreasonable interpretation of federal law or involved an unreasonable interpretation of the facts.

## IV.  CONCLUSION

After careful *de novo* review of the R & R, Jenkins's Objection, and all other relevant documents in the record, the court finds that Judge Henderson's recommendation is fully supported by the record and controlling case law. *See Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts the R & R and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a Certificate of Appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 26, 2023

-10-